```
 1  REX DARRELL BERRY, State Bar No. 110219
    SCOTT M. PLAMONDON, State Bar No. 212294
 2  BERRY & BLOCK LLP
    2180 Harvard Street, Suite 560
 3  Sacramento, CA 95815-3326
    (916) 564-2000
 4  (916) 564-2024 FAX

 5  Attorneys for Defendant
    Circuit City Stores, Inc.
```

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH COCCHI, an individual, | CASE NO. C 05-01347 JCS |
| Plaintiff, | [~~PROPOSED~~] **STIPULATION AND PROTECTIVE ORDER** |
| v. | |
| CIRCUIT CITY STORES, INC., | |
| Defendants. | |

**I.**

**STIPULATION**

Based on the fact that discovery has been or may be requested in this case seeking disclosure of confidential business information, trade secrets, and/or sensitive and private personnel information, the undersigned parties, Defendant

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1   [~~PROPOSED~~] STIPULATION AND PROTECTIVE ORDER

Circuit City Stores, Inc., ("Circuit City") and Plaintiff Joseph Cocchi ("Cocchi"), hereby stipulate to the entry of the subjoined Protective Order pursuant to Rule 29 of the Federal Rules of Civil Procedure.

| | |
|---|---|
| Dated: November 11, 2005 | Dated: November 11, 2005 |
| BERRY BLOCK, LLP | CAMERLENGO & JOHNSON |
| By /s/ REX DARRELL BERRY<br>REX DARRELL BERRY<br>SCOTT M. PLAMONDON<br>Attorneys for Attorneys for<br>Defendant Circuit City Stores, Inc. | By /s/ ANTHONY P. O'BRIEN<br>ANTHONY P. O'BRIEN<br>Attorneys for Plaintiff<br>Joseph Cocchi |

## II.

## PROTECTIVE ORDER

Pursuant to Rule 29 of the Federal Rules of Civil Procedure, and according to the stipulation of the parties, it is ORDERED, ADJUDGED AND DECREED as follows:

1. Any documents produced by a party in this action which are, in good faith, determined by the producing party to contain confidential or proprietary information, including financial information, trade secrets, personnel information, or other similar confidential and commercially sensitive information of a non-public nature, may be designated by the producing party as "confidential," and so marked, by stamping each page of the document "Confidential." In the case of photographs, the reverse side of the photograph may be marked as "Confidential." In the case of CD-Rom materials, the container may be marked as "Confidential."

2. Where documents obtained from any source are used in discovery or depositions as exhibits, either party may designate such documents "Confidential" by so stating on the record, and designating the original exhibit as "Confidential" in writing on each page of the exhibit.

3. When used in this Order, the word "documents" means all written, recorded or graphic matter whatsoever, however created and the medium on which it was produced or reproduced, including, but not limited to, documents produced by any party, whether pursuant to discovery rules, subpoena, or by agreement, and may also include deposition transcripts and exhibits, and any portions of any court papers which quote from or summarize any of the foregoing.

4. All confidential documents and all information contained therein, shall be used by the party to whom the documents are disclosed solely for the prosecution and/or defense of this action, and shall not be further disseminated, except as specifically set forth below.

5. Except with prior written consent of the party asserting confidential treatment, confidential documents and the information contained therein may be disclosed only to counsel who files an appearance for the party to whom the confidential disclosure has or is to be made, and secretaries, paralegal assistants, and other employees of such counsel who are assisting counsel in the prosecution and/or defense of this action. Counsel shall be responsible for ensuring that his or her partners, associates and employees are informed of the terms of this Order and agree to abide by them.

6. Counsel to whom confidential documents or information have been disclosed may disclose the information to his or her client in this action, and to witnesses and outside consultants and experts who assist in the prosecution and/or defense of this action, but only after the client, witness, consultant or expert has read this Order and agrees in writing to be bound by it, as set forth in Exhibit A. Upon Order of this Court, for good cause shown, these agreements shall be available for inspection by counsel for the party producing the confidential documents.

///

7. Documents designated confidential, and information derived therefrom, may not be referred to in motions, briefs or other court papers unless placed under seal, and may not be used in depositions or marked as deposition or trial exhibits in this action unless placed under seal.

8. At the conclusion of the litigation or this action, or upon settlement or dismissal, documents designated as confidential, and all copies of such documents (other than exhibits of record), shall be returned to the party that produced such document.

9. Nothing in this Order shall prevent any party to this action from moving the Court to remove the confidential designation from a particular document, from seeking modification of this Order, from designating already-produced documents as confidential, or from objecting to discovery which a party believes to be otherwise improper.

10. Nothing in this Order shall prevent or otherwise restrict any counsel from rendering advice to his/her client and, in the course thereof, relying generally on his/her examination of items designated as confidential.

11. For applications and motions to the Court in which a party submits confidential information, all documents containing "Confidential" information that are submitted to the Court shall be filed in sealed envelopes or other appropriate sealed containers in compliance with Federal Rule of Civil Procedure 26(c)(8).

12. The parties agree that persons employed by the Federal Court of the Northern District of California, San Francisco Division have no duty to the parties to protect or maintain the alleged confidentiality of any information in any papers filed with the Court.

///

///

///

1    13.   Notwithstanding any of the foregoing provisions of this Protective
2  Order, counsel for the parties may disclose documents containing information
3  (at deposition or otherwise) to the persons who were the authors or addressees of
4  the documents or who are shown or otherwise demonstrated to have or to have
5  received copies thereof or notice or knowledge of contents thereof.
6    ORDERED this __14th__ day of November, 2005

                                    _____
                                    UNITED STATES ~~DISTRICT~~
                         MAGISTRATE   COURT JUDGE

Y:\RBerry\Client Files\Circuit City\Cocchi\USDC Pleadings\StipProtectiveOrder.doc

5     ~~[PROPOSED]~~ STIPULATION AND PROTECTIVE ORDER

# EXHIBIT A
# AGREEMENT OF CLIENT, EXPERT, CONSULTANT
# OR DESIGNATED REPRESENTATIVE TO BE
# BOUND BY PROTECTIVE ORDER

The undersigned, _____ [print or type name], a client, expert, witness or designated representative of _____ _____ [print or type name of party or law firm], in connection with *Joseph Cocchi v. Circuit City Stores, Inc.,* United States District Court, Northern District of California, Case No. C 05-01347 JCS, hereby acknowledges that he/she has received a copy of the Protective Order entered in this action, and has read it and agrees to be bound by all of the provisions thereof.

Dated: _____                    _____
                                                          SIGNATURE

# CERTIFICATE OF MAILING

The undersigned certifies that the above and foregoing instrument was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

**Attorneys for Plaintiff**

Anthony P. O'Brien
Camerlengo & Johnson
500 Airport Boulevard, Suite 350
Burlingame, CA 94010
(650) 579-2911
(650) 579-7975 FAX

**Attorneys for Defendant**

Rex Darrell Berry
Scott M. Plamondon
BERRY & BLOCK LLP
2180 Harvard Street, Suite 560
Sacramento, CA 95815-3326
(916) 564-2000
(916) 564-2024 FAX

DATED this 11th day of November, 2005.

By:  /s/ STEPHANIE A. THURTLE
     Stephanie A. Thurtle

Y:\RBerry\Client Files\Circuit City\Cocchi\USDC Pleadings\StipProtectiveOrder.doc