UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH COCCHI,<br><br>    Plaintiff,<br><br>v.<br><br>CIRCUIT CITY STORES, INC., ET AL.,<br><br>    Defendants.<br>_____/ | No. C-05-1347 JCS<br><br>**ORDER DENYING CIRCUIT CITY STORES, INC.'S REQUEST FOR CERTIFICATION PURSUANT TO 28 U.S.C. § 1292(B)   [Docket No. 74]** |

    Plaintiff, Joseph Cocchi, filed this wrongful termination action against his former employer, Circuit City, and his supervisor, James McGrath. In an order filed April 3, 2006, the Court granted in part and denied in part Circuit City's Motion for Summary Judgment ("the Summary Judgment Order"). One claim remains in the case, a claim against Circuit City for wrongful termination in violation of public policy based on the right to self-defense found in article I, § 1 of the California Constitution ("the Self-Defense Claim"). Trial is scheduled to commence on September 19, 2006. Circuit City, however, requests that the Court certify for interlocutory appeal its Summary Judgment Order ("the Motion"). In particular, Circuit City asserts that the Court's ruling with respect to the Self-Defense Claim involves a controlling question of law about which there is substantial basis for difference of opinion, and interlocutory appeal will materially advance the termination of this litigation.

    The Court determines that the Motion is suitable for disposition without oral argument, pursuant to Local Rule 7-1(b). **Accordingly, the hearing on the Motion scheduled for May 12, 2006, at 9:30 a.m., is VACATED.** For the reasons stated below, the Motion is DENIED.[1]

---

[1] Because the Court has provided a detailed description of the case in the Summary Judgment Order, it does not repeat them here.

The decision to certify an order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) is committed to the sound discretion of the district court. *Swint v. Chambers County Comm'n*, 514 U.S. 35, 47 (1995). Section 1292(b) authorizes the district court to certify an interlocutory appeal when three requirements are met: 1) the opinion must involve a "controlling question of law;" 2) the opinion offers "substantial ground for difference of opinion;" and 3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). In addition, the Ninth Circuit has held that certification to file an interlocutory appeal should be granted sparingly. *United States v. Woodbury*, 263 F.2d 784, 788 n. 11 (9th Cir. 1959). Thus, interlocutory appeals generally should be allowed only where allowing an immediate appeal would avoid protracted and expensive litigation. *See Loritz v. CMT Blues*, 271 F. Supp. 2d 1252, 1253 (citing *United States Rubber Co. v. Wright*, 359 F.2d 784 (9th Cir. 1966)).

First, while the remaining claim raises a difficult question of law, it is not an issue that has resulted in a difference of opinion "*among the courts*," that is, a conflict of authority. *See Envtl. Prot. Info. Ctr. v. Pac. Lumber Co.*, 2004 U.S. Dist. LEXIS 6674 at *14 (N.D. Cal. 2004).

Moreover, this case is not an extraordinary case in the sense that an interlocutory appeal might avoid protracted and expensive litigation. To the contrary, discovery is completed and all that remains is a trial on a single claim. An interlocutory appeal may itself greatly lengthen the case – and multiply the proceedings necessary for its resolution. As the case now stands, there will be one brief trial and a possible appeal thereafter. If an interlocutory appeal is granted, the prospect of two possible appeals (one interlocutory, and one after a trial, if a trial is held) will greatly lengthen the case and the burden on all parties and the courts.

The Motion is DENIED.

IT IS SO ORDERED.

Dated: May 3, 2006

JOSEPH C. SPERO
United States Magistrate Judge